UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. HOBBS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 2:17-cv-01920 KJM CKD PS<br><br>AMENDED FINDINGS AND<br>RECOMMENDATIONS |

On December 13, 2017, the court held a hearing on defendants' motions to dismiss this action pursuant to Rule 12(b)(6). (ECF Nos. 6 & 7.) David Newman appeared telephonically for defendant Wells Fargo Bank; Kristina Pelletier appeared for defendants BSI Financial Services and Wilmington Savings Fund Society; and the pro se plaintiffs, who filed briefs opposing the motions, did not appear. At the close of the hearing, the court took the matter under submission. As not all parties have consented to magistrate judge jurisdiction, the undersigned issues the following findings and recommendations.

I. Removal & Jurisdiction

Plaintiffs commenced this action in the Sacramento Superior Court on July 12, 2017. They named four defendants: Wells Fargo Bank; Clear Recon Corp.; BSI Financial Services; and Wilmington Savings Fund Society (DBA Christiana Trust, as Trustee of the Brougham Fund I Trust). Plaintiffs allege violations of the California Homeowner's Bill of Rights, fraud, slander of

1

title, and other claims relating to the foreclosure sale of real property located at 2206 Stockman Circle in Folsom, California. (ECF No. 1 ("Compl.").) Along with damages, they seek an injunction barring defendants from foreclosing on the property during the pendency of this action. (Id., ¶¶ 48-59.)

On September 15, 2017, defendants removed this action to federal court on the basis of diversity, citing (1) plaintiffs' California citizenship; (2) BSI's citizenship in Delaware and Texas; (3) Wilmington's citizenship in Delaware; (4) Wells Fargo's citizenship in South Dakota; and (5) the fact that, on August 24, 2017, California corporation Clear Recon served and filed a Declaration of Non-Monetary Status ("DNMS") pursuant to California Civil Code § 29241 in the state court action.[1] (ECF No. 1 at 3-4 & Ex. 6.) In it, Clear Recon stated its belief that it has been named in this action "solely in its capacity as Trustee under [a] Deed of Trust, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee" and agreed to be bound by any court order regarding the Deed of Trust. (Id., Ex. 6.) No objection to the DNMS was filed within the statutory 15-day period, and the case was subsequently removed.

28 U.S.C. § 1332 authorizes district courts to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. Diversity jurisdiction requires complete diversity, meaning every plaintiff must be diverse from every defendant. Id. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). A nominal defendant is one "who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks omitted).

California Civil Code § 2924l permits a trustee to file a DNMS if it is named in a state-court action "solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 29241(a). If a plaintiff does not object to the trustee's DNS within fifteen days of service, the trustee becomes a

---

[1] As to the amount in controversy, defendants cite the home loan for the real property at issue, which was originally for $375,000 and more recently had a higher balance. (ECF No. 1 at 4.)

2

nominal party in the action. Id. § 29241(d). If the case is then removed to federal court, the district court may treat the trustee as a nominal party and disregard its citizenship for diversity purposes. Moore v. Wells Fargo Bank, 2016 WL 3091087 (E.D. Cal. June 2, 2016). Here, trustee Clear Recon properly filed a DNMS in state court and, after waiting for any objections, defendants removed the action to federal court. Thus the court should treat DMNS as a nominal party whose California residency does not destroy diversity jurisdiction.

II. Procedural History

In January 2005, plaintiffs refinanced the real property located at 2206 Stockman Circle in Folsom, California by borrowing $375,000 from defendant Wells Fargo's predecessor-in-interest, World Savings Bank, FSB. (Compl., ¶ 17, Ex. A.)[2] The loan was modified in 2007 and a second time in 2009. (WF RJN, Exs. B & C.) The 2009 modification lowered the balance on the loan by more than $40,000 (10% of the loan balance) and lowered the monthly payment amount. (Id., Ex. C.)

Despite these modifications, plaintiffs had difficulty making their loan payments. In February 2016, Clear Recon Corp. (the substitute trustee under the deed of trust[3]) recorded a Notice of Default ("NOD"). (Compl., ¶ 21; WF RJN Ex. D.) The NOD indicates that payment was more than $12,000 behind as of February 2016. (Id.) It also contains a "Declaration of Compliance" indicating that Wells Fargo attempted to contact plaintiffs before Clear Recon recorded the NOD in order to discuss possible alternatives to foreclosure. (Id.) Plaintiffs allege in the complaint that Wells Fargo did not actually contact them to discuss alternatives before the NOD was recorded. (Compl., ¶¶ 24, 40-41, 45, 70-71.) Since plaintiffs did not cure their default, Clear Recon recorded a Notice of Trustee's Sale ("NOTS") in July 2016. (Id., ¶ 23, Ex. D.) The date of the sale was set for August 11, 2016. (Id.)

////

---

[2] World Savings Bank, FSB eventually merged into Wells Fargo Bank, N.A. (WF Request for Judicial Notice ("RJN"), Ex. A.)

[3] Clear Recon Corp. recorded a "Substitution of Trustee" on February 10, 2016. (Compl., ¶ 19, Ex. B.)

3

1    On August 10, 2016, the day before the scheduled foreclosure sale, plaintiffs filed for
2    Chapter 13 bankruptcy in the Eastern District, Case No. 16-25253. (WF RJN, Ex. E.) As a
3    result, the sale was postponed and, to date, no foreclosure sale has taken place. Plaintiffs did not
4    file their claims against defendants in their bankruptcy schedules. (BSI RJN, Ex. 8.) On March
5    30, 2017, Wells Fargo filed a "Transfer of Claim" notice indicating that (1) ownership of the loan
6    had been transferred to defendant Wilmington Savings Fund, and (2) the servicing of the loan had
7    been transferred to defendant BSI. (WF RJN, Ex. H.) The bankruptcy proceeding ended on June
8    6, 2017.
9    On June 29, 2017, three weeks after the first bankruptcy proceeding ended, plaintiffs filed
10   a second petition for Chapter 13 Bankruptcy in the Eastern District, Case No. 17-24273. (WF
11   RJN, Ex. I.) Again, plaintiffs sought to stay the foreclosure sale of the property at issue.
12   However, plaintiffs again failed to disclose their claims against defendants in their bankruptcy
13   schedules. Plaintiffs commenced this action in the Sacramento Superior Court on July 12, 2017.
14   On August 3, 2017, their second bankruptcy petition was dismissed.

III. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

////

////

4

IV. Discussion

Defendants argue that, because plaintiffs failed to give notice of potential claims against them in their bankruptcy schedules, plaintiffs are judicially estopped from bringing the instant claims against them.

The Ninth Circuit has addressed the applicability of the equitable doctrine of judicial estoppel in the context of bankruptcy proceedings and has laid out three factors a court should consider in determining whether judicial estoppel applies. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (2001). A court must consider (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled and (3) whether the party seeking to assert an inconsistent position would cause the opposing party unfair detriment if not estopped. Id.

In the bankruptcy context, a party is "judicially estopped from asserting a cause of action not ... mentioned in the debtor's schedules or disclosure statements." Id. at 782–83. "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Id. at 784. Thus, "[a] plaintiff who fails to fulfill this duty to inform the bankruptcy court of his claims risks having those claims barred by judicial estoppel." Becker v. Wells Fargo Bank, N.A., 2012 WL 5187792 (E.D.Cal. Oct. 18, 2012). "The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist." Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013). See also, Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action).

The doctrine of judicial estoppel may apply where, as here, plaintiff's bankruptcy cases were dismissed. In HPG Corp. v. Aurora Loan Services, LLC, 436 B.R. 569 (2010), plaintiff

1  filed a bankruptcy petition and received an automatic stay of any act to obtain possession of
2  property of the estate until the time of dismissal or discharge pursuant to 11 U.S.C. § 362(c)(3).
3  Id. at 578. After that case was dismissed, he filed a second bankruptcy petition and received
4  another automatic stay before the second petition was dismissed. Neither of the petitions
5  disclosed claims against defendant. Id. The court granted defendant's motion to dismiss without
6  leave to amend, as it found the claims were judicially estopped. "Where a debtor files successive
7  petitions and obtains successive stays without full disclosure of all assets, the debtor derives an
8  unfair advantage if he can later recover on undisclosed claims, and the bankruptcy system is laid
9  bare for abuse. As such, judicial estoppel must bar" plaintiff's claims against defendant, the court
10 reasoned. Id. at 578-579. See also Natividad v. Resmae Mortgage Corp., 2015 WL 5544278
11 (N.D. Cal. Sept. 17, 2017) (where plaintiffs initiated and then caused to be dismissed three back-
12 to-back bankruptcy cases over the span of three years, "the necessary implication . . . is that
13 Plaintiffs never actually intended to use the bankruptcy process to restructure their finances" but
14 instead wanted to avail themselves "of the automatic bankruptcy stay, which they did for three
15 years. But Plaintiffs cannot do that and then pursue claims against creditors that they were
16 obliged to disclose several times previously. Such a practice is . . . 'playing fast and loose with
17 the courts' and cannot be tolerated.") (granting defendants' motion to dismiss without leave to
18 amend); Hannon v. Wells Fargo Bank, N.A., 2015 WL 4776305 (N.D. Cal. Aug. 13, 2015)
19 (where plaintiff filed three Chapter 13 bankruptcies, all dismissed, that did not list claims against
20 defendant Wells Fargo, plaintiffs had "asserted clearly inconsistent positions across cases" and
21 were judicially estopped from bringing instant claims). Similarly, here, though plaintiffs' two
22 bankruptcy petitions were ultimately dismissed, plaintiffs obtained the benefit of a one-year stay
23 of foreclosure proceedings.
24      Plaintiffs' opposition does not meaningfully address the argument that their claims are
25 judicially estopped, but largely argues that the complaint met the Rule 8 pleading requirements.
26 Thus, though defendants alternatively argue that plaintiff's claims are federally preempted and
27 that their state law claims are defectively pled, there appears to be no need to reach these issues.
28 Nor does cure by amendment appear viable.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant Wells Fargo's motion to dismiss (ECF No. 6) be granted;

2. Defendants BSI's and Wilmington Savings' motion to dismiss (ECF No. 7) be granted; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 hobbs1920.amended_fr